UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SON NGUYEN,

          Petitioner,

   v.

MERRICK M. GARLAND, et al.,[1]

          Respondent.

Case No. 2:20-cv-01469-RJB-MAT

REPORT AND RECOMMENDATION

Petitioner, who is proceeding pro se, initiated this 28 U.S.C. § 2241 immigration habeas action to obtain release from immigration detention or a bond hearing. Dkts. 1, 4. On November 27, 2020, the Government moved to dismiss, arguing that petitioner was not entitled to release or a bond hearing. Dkt. 7. Petitioner did not file an opposition by the deadline. Thereafter, the Government notified the Court that petitioner has been removed and asked the Court to dismiss this action as moot. Dkt. 16.

---

[1] The Government notes that pursuant to Fed. R. Civ. P. 25(d), Merrick M. Garland is automatically substituted for his predecessor, William P. Barr, as a respondent in this case. Dkt. 16, at 1, n. 1. The Court notes that pursuant to Fed. R. Civ. P. 25(d) the following office holders are also automatically substituted in place of two other respondents named at the commencement of this action: Alejandro Mayorkas is substituted for Chad Wolf; Tae Johnson is substituted for Matthew T. Albence. *See* https://www.dhs.gov/person/alejandro-mayorkas (last accessed Mar. 29, 2021); https://www.justice.gov/ag/staff-profile/meet-attorney-general (last visited Mar. 29, 2021); https://www.dhs.gov/leadership (last visited Mar. 29, 2021).

REPORT AND RECOMMENDATION - 1

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because petitioner's habeas petition challenges only the length of his immigration detention, his claims were fully resolved by his removal. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and petitioner's habeas petition should be dismissed as moot. *See id.*

Accordingly, the Court recommends that petitioner's habeas petition (Dkt. 4) and this action be **DISMISSED** without prejudice.[2] A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 7, 2021**.

Dated this 14th day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge

---

[2] Given that it is clear the case is moot, it is unnecessary for the Court to address the arguments raised in respondents' motion to dismiss.

REPORT AND RECOMMENDATION - 2